In the Matter of Mildred Joyce JOHNSON, Joyce Johnson, Mildred Johnson, Joyce Culvahouse, Mildred Culvahouse, Joyce Vaxley, Joyce Crowley, Mildred Crowley, Joyce Sheppard, Mildred Sheppard, Debtor/Plaintiff,

v.

Belk LINDSEY, Quillian Yancey, State Attorney, Dawn Grant Kahre, Assistant State Attorney, and Gene E. Baxley, Defendants.

Bankruptcy No. 81–1193.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Dec. 2, 1981.

David Smith, Tampa, Fla., for Belk Lindsey Stores, Inc.

Quillian Yancey, Dawn Grant Kahre, Gene E. Baxley, pro se.

## ORDER ON PERMANENT INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Plaintiff's complaint requesting the entry of a permanent injunction against the Defendants prohibiting the prosecution of any criminal proceedings against the Debtor. Due to the emergency nature of the matter, a Motion for Temporary Restraining Order was set down on short notice and counsel for the Defendants, Quillian Yancey and Gene E. Baxley appeared in opposition of the relief sought.

The facts germane to the matter under consideration are as follows:

On July 9, 1981, Mildred Joyce Johnson (the Debtor), filed her voluntary petition in bankruptcy. On July 20, 1981, a Notice of Bankruptcy was sent to the Defendant, Belk Lindsey. On September 16, 1981, an information was filed by the Defendant, Dawn Grant Kahre, Assistant State Attorney, against the Debtor based upon facts furnished by Belk Lindsey. The information charged the Debtor with obtaining property by issuing a worthless check in violation of Fla.Stat. § 832.05.

The Debtor contends that Belk Lindsey is using the criminal process of the State, for the sole purpose of compelling the repayment of a debt which it otherwise could not collect through a civil proceeding because of the operation of the automatic stay provisions of § 362(a) of the Bankruptcy Code. In opposition, the Defendants urge that § 362(b)(1) expressly excepts the commencement or continuation of a criminal action or proceeding from the reach of the automatic stay and that the State has both the duty and the right to enforce the criminal laws and protect its citizenry through the legitimate use of the criminal process.

There is no doubt that the filing of a petition in bankruptcy does not immunize a debtor from criminal prosecution. It is well established, however, that the Bankruptcy Court will not permit the State to use criminal prosecution for the sole purpose of collecting a debt dischargeable in bankruptcy, or to use law enforcement as a collection agency. *In re Lake*, 11 B.R. 202 (Bkrtcy.S.D.Ohio 1981); *In re Penny*, 414 F.Supp. 1113 (W.D.N.C.1976); *In re Caldwell*, Bankr.L.Rep. (CCH) ¶ 67,664 (W.D.Va. 1980). On the other hand, it is equally true that the Bankruptcy Court is not at liberty to interfere with the criminal prosecution based on the bare naked assertion that the prosecution in and of itself will cause irreparable harm to the Debtor. As stated in the case of *Munson v. Gilliam*, 543 F.2d 48 (8th Cir. 1976): "The District Court erroneously viewed the possible criminal prosecution of Gilliam, in and of itself, as constitut-

ing irreparable harm. That conclusion necessarily rests upon an assumption that Gilliam would not be given a reasonable and adequate opportunity to vindicate constitutional rights in an Arkansas state court. As above stated, the presumption is directly to the contrary. No evidence of record raises the smallest doubt of the capacity of the Arkansas state courts to adequately protect Gilliam's constitutional rights. The mere prospect of facing criminal prosecution is not per se irreparable injury." *Munson v. Gilliam, supra.*

■ To protect a debtor from criminal prosecution is one thing and to protect a debtor from the collection of a dischargeable debt is another. While this Court is satisfied that it would be improvident to interfere with the criminal prosecution by the State, it is equally satisfied that neither the State Attorney nor his deputies shall be permitted to use the criminal process to compel the Debtor to make restitution. Accordingly, they should not be permitted, in the event the Debtor is found guilty, to recommend or request that the Court order a restitution either as part of the sentence or as a condition to probation, and the Defendant, Belk Lindsey, shall not be permitted to benefit by the criminal prosecution and collect or recover its claim, which is an act expressly covered by the Bankruptcy Code and clearly within the protective provisions of the automatic stay, § 362(a)(6). Inasmuch as there are no factual issues which need a resolution by trial, the Court is satisfied that it is proper to resolve this controversy at this time.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Quillian Yancey and Dawn Grant Kahre be, and the same hereby are, enjoined to undertake any actions which are designed to assist the Defendant, Belk Lindsey, to recover its claim. It is further

ORDERED, ADJUDGED AND DECREED that Quillian Yancey and Dawn Grant Kahre be, and the same hereby are, prohibited from requesting or recommending to the state court that restitution shall be part of the sentence if the Debtor is found guilty or as a condition for probation. It is further

ORDERED, ADJUDGED AND DECREED that the Defendant, Belk Lindsey, its agents, servants or anyone acting on its behalf are prohibited to undertake any act to collect or to recover its claim against the Debtor.