In re TRAIL WEST, INC., dba The Plateau Inn, Watertown, S. D., Debtor.

TRAIL WEST, INC., Plaintiff,

v.

STATE OF SOUTH DAKOTA, DEPARTMENT OF REVENUE and States Attorney of Codington County, South Dakota, Defendants.

Bankruptcy No. 181–00061.
Adv. No. 181–0053.

United States Bankruptcy Court,
D. South Dakota.

Jan. 29, 1982.

J. Bruce Blake, Sioux Falls, S. D., for plaintiff.

John Dewell, Asst. Atty. Gen., South Dakota Dept. of Revenue, Pierre, S. D., for defendant State of South Dakota, Department of Revenue.

MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Trail West, Inc., hereinafter Debtor, is in a Chapter 11 bankruptcy. As part of Debtor's bankruptcy, it filed a complaint pursuant to 11 U.S.C. § 105(a). Debtor's complaint seeks a preliminary injunction and permanent injunction against the State of South Dakota, Department of Revenue, and the States Attorney of Codington County, South Dakota, hereinafter State, enjoining it from continuing with a state court felony criminal proceeding against Debtor. In responsive pleadings, State alleges 11 U.S.C. § 362(b)(1) excepts from the automatic stay the commencement or continuation of a criminal action or a proceeding against Debtor. The Court held a hearing and issued a preliminary injunction pending a final decision. At the trial on the permanent injunction, the Court took the matter under advisement. The States Attorney for Codington County, South Dakota, has not appeared or answered Debtor's complaint, but Attorney Dewell was authorized by letter to appear on behalf of the States Attor-

ney. This Memorandum Decision is based upon the pleadings, exhibits received into evidence, and sworn testimony.

## FINDINGS OF FACT

On April 30, 1981, Debtor issued a check to the State Treasurer for $17,222.63 in payment of sales tax for the period of January—February—March, 1981. State received notice Debtor's check was dishonored because of insufficient funds on May 21, 1981. On this date, State sent a notice of dishonor to Debtor by certified mail. For approximately a month, revenue agents of State attempted to gain restitution from Debtor.

On June 29, 1981, Debtor filed its Chapter 11 case and a revenue agent of State signed a criminal complaint against Debtor.

On September 8, 1981, State caused to be issued a felony complaint pursuant to S.D. C.L. 22–41–1 in state court for the issuance of an insufficient funds check by Debtor in the sum of $17,222.63 to the State Treasurer on April 30, 1981.

A revenue agent of State testified to the following facts. State has three remedies for insufficient funds checks issued in payment of sales tax. They are license revocation, liens, and the filing of a criminal complaint as provided by S.D.C.L. 22–41–1. A criminal complaint results when a check is not made good. The purpose of a criminal complaint is not check collection. The primary motive is to deter writing bad checks. A writer of a bad check has violated the law. Once a criminal complaint is signed, any decision concerning prosecution or dismissal is up to the States Attorney. In the past, there have been very few criminal complaints signed by State for the issuance of insufficient funds checks for payment of sales tax.

The President of Debtor testified the criminal complaint interferes with Debtor's reorganization efforts because it takes time away from the business and will cause extra expense.

## DEBTOR'S ARGUMENTS

1. The acts of State in commencing a felony criminal action in state court against Debtor affect the administration of the Chapter 11 estate and disrupt the rehabilitation efforts.

2. The acts of State in commencing a felony criminal action in state court against Debtor result in economic coercion and duress being applied to Debtor by State in an effort to collect a pre-filing indebtedness outside and in advance of a repayment plan under Chapter 11.

3. A bankruptcy court has the power to issue a permanent injunction enjoining state officers from proceeding with a state's criminal complaint.

## STATE'S ARGUMENTS

1. 11 U.S.C. § 362(b)(1) excepts from the automatic stay the commencement or continuation of a criminal action or a proceeding against Debtor; hence, State moves for dismissal.

2. The commencement of the felony action is not an attempt to disrupt the rehabilitation efforts of Debtor or is it intended to result in an effort to collect a pre-filing indebtedness outside and in advance of a repayment plan under Chapter 11.

3. State is merely attempting to enforce the sanctions of the criminal laws of the State of South Dakota against a felonious criminal action in violation of S.D.C.L. 22–41–1 which makes it a Class 6 felony for a person to pass a check of more than two hundred dollars ($200.00) against insufficient funds for a present consideration.

## ISSUE

Should this Bankruptcy Court issue a permanent injunction pursuant to 11 U.S.C. § 105(a) enjoining State from proceeding with a criminal action against Debtor for the issuance of an insufficient funds check in violation of S.D.C.L. 22–41–1 when the criminal proceeding might interfere with Debtor's reorganization efforts.

**332**

## CONCLUSIONS OF LAW

For the reasons which follow, the motion by State to dismiss Debtor's complaint is granted, and Debtor's motion for an injunction restraining continuation of the prosecution is denied.

 First, there is a strong policy against federal interference in state criminal proceedings. (*In the Matter of Diversa Graphics, Inc.,* 8 CBC 59, 63 (S.D.N.Y.Bkrtcy.Ct. 1976).)

■ Second, 11 U.S.C. § 362(b)(1) excepts from the automatic stay the commencement or continuation of a criminal action or a proceeding against Debtor. "The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy." (House Report No. 95–595, 95th Cong., 1st Sess. (1977) 342–3; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 51–52, U.S.Code Cong. & Admin.News, p. 5787.) This Court finds the intent of Congress was that financial over-extension by debtors which violates criminal statutes should not be protected by bankruptcy laws.

■ Third, State is not using a criminal complaint for the purpose of debt collection by coercion or duress. When a revenue agent of State signed the complaint, any decision concerning prosecution or dismissal became the discretion of the States Attorney. Any sentence a state court would impose, such as a fine or restitution, would be a criminal sanction. If Debtor had not written a bad check and State was seeking criminal sanctions for nonpayment of tax, this Court's holding would be different.

In light of the above conclusions, this Bankruptcy Court holds it will not issue a permanent injunction pursuant to 11 U.S.C. § 105(a) enjoining State from proceeding with a criminal action against Debtor for the issuance of an insufficient funds check in violation of S.D.C.L. 22–41–1 because the mandate of Congress is clear in 11 U.S.C. § 362(b)(1) and because of the strong policy derived from case law against federal interference in state criminal proceedings.

The foregoing shall constitute Findings of Fact and Conclusions of Law, and Attorney Dewell shall submit an order consistent with this Court's Decision.