**INLAND CONTAINER CORPORATION,
Appellant,**

v.

**The CONTINENTAL INSURANCE
COMPANY, Appellee.**

No. 83–1843.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 19, 1984.
Decided Jan. 25, 1984.

Ben Core, Daily, West, Core, Coffman &
Canfield, Fort Smith, Ark., for appellant.

E.C. Gilbreath, Jones, Gilbreath & Jones,
Fort Smith, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge,
HENLEY, Senior Circuit Judge, and
FAGG, Circuit Judge.

PER CURIAM.

Inland Container Corporation appeals
from an order of the district court dismiss-
ing its complaint against Continental Insur-
ance Company for failure to state a claim.
Inland contracted with Matson to renovate
an industrial plant and Matson agreed to
indemnify Inland. Continental was Mat-
son's insurer. The dispute arose out of
injuries received by Paul Eldridge, which
resulted in payment by Inland's insurer to
Eldridge in settlement of the claim. Inland
argues that the district court erred in sus-
taining the motion to dismiss not only on
substantive legal grounds but because the
district court considered materials outside
the pleadings. We conclude that the dis-
trict court's opinion is based upon a number
of facts that were not pleaded and, accord-
ingly, we remand to the district court for
further proceedings.

Inland's amended complaint asserts a
claim based on the provisions of the indem-
nity contract and the failure of Continental
to provide insurance coverage to Inland as a
result of the Eldridge lawsuit. The com-
plaint is some fourteen pages in length with
the insurance policy attached and incorpo-
rated by reference, but it is as notable for
what is not plead as for what is plead.
Portions of the contract between Inland
and Matson are set out in full, but the
contract as a whole is not attached to the
complaint, and it is evident that only those
paragraphs plaintiff considered to be mate-
rial are in the complaint. The Eldridge
lawsuit is referred to most generally, and
the complaint makes a conclusory allegation
that Inland was claimed to be liable as a
result of injuries received by Eldridge while
he was in the employ of Matson and en-
gaged in renovating Inland's industrial
plant. The claims of Eldridge, his wife and
an intervening insurance carrier, Niagara
Fire Insurance Company, were alleged to be
"claims coming within the indemnity para-
graph of the contract" referred to in the
complaint, and claims "coming within the
contractual liability insurance" issued by
Continental.

The district court's order contains facts
that are not pleaded in Inland's complaint.
The order recites that Eldridge was injured
by an Inland employee, and that as a result

thereof he filed a suit against not only Inland but a manufacturer. It states that Inland had purchased its own comprehensive general liability policy from Aetna. It also recites that Inland had sued Matson and later dismissed this action. The complaint does not contain such allegations.

The order sets out in full the provisions of paragraph 11.2.1 of the construction contract between Matson and Continental but this paragraph is not referred to or set out in the complaint and, as we have stated, the full text of the contract was not attached to the complaint. The court's opinion turns on the provisions of paragraph 11.2.1.

Under Rule 12(b), Fed.R.Civ.P., a motion to dismiss for failure to state a claim upon which relief can be granted shall be treated as one for summary judgment if matters outside the pleadings are presented to and considered by the court. The rule provides specifically, however, that in this event all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56, Fed.R.Civ.P.

We think it evident that the district court considered matters outside the complaint and did not follow the procedure required in Rule 12(b) to give plaintiff notice that such matters would be considered as contemplated by Rule 56. Therefore, we must vacate the district court's order and remand for proceedings consistent with the requirements of Rule 12(b). See *Woods v. Dugan*, 660 F.2d 379 (8th Cir.1981).

The district court ruled that Inland was not protected by the indemnity agreement nor entitled to coverage from Continental and granted Continental's motion to dismiss. The Eldridge lawsuits, in one of which Niagara had intervened, were both filed in the Western District of Arkansas. It is understandable that the district court may have considered the substance of the pleadings filed in other related cases in considering the motion to dismiss filed by Continental.

It may well be that on remand, after the record has been more fully developed, the district court will reach the same conclusion. We should not reach the merits, however, until the record has been more fully developed.

The parties have spent a considerable portion of their brief arguing whether the briefs themselves and the designated record contain matter outside the record. This court, as well as the district court, may consider cases only on the record. The parties will have an opportunity to fully develop the record upon remand and the various arguments asserted, as well as the supplemental material filed while the case was under advisement, may be properly directed to the district court for its consideration.