**In re Richard L. REDENBAUGH, Rebecca Sue Redenbaugh, d/b/a Redenbaugh's Appliance Repair, d/b/a Gramma's Kitchens, d/b/a Designer's Marble, Debtors.**

**Richard L. REDENBAUGH, Plaintiff,**

**v.**

**John L. GAHLE, and Edmond H. Rees, States Attorney for Macoupin County, Illinois, Defendants.**

**Bankruptcy No. 281–00736.**

**Adv. No. 283–0105.**

United States Bankruptcy Court, C.D. Illinois.

Feb. 1, 1984.

Stephen K. Sheffler, Champaign, Ill., for debtor/plaintiff.

Brent A. Cain, Carlinville, Ill., for defendant John L. Gahle.

Edmond H. Rees, States Atty., for Macoupin County, Ill., Carlinville, Ill., pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LARRY LESSEN, Bankruptcy Judge.

This case comes before the Court on the Complaint For Injunctive Relief and Petition For Certification Of Contempt filed by Richard L. Redenbaugh (hereinafter referred to as "Redenbaugh"), against the State's Attorney of Macoupin County, Illinois, Edmond H. Rees (hereinafter referred to as "State's Attorney") and John L. Gahle (hereinafter referred to as "Gahle"), the complaining witness and creditor. The issue in this case is whether this Court's order discharging Redenbaugh's debts in bankruptcy precludes the States Attorney and

Gahle from criminally prosecuting Redenbaugh for nonpayment of a debt which had been discharged. The parties, including Redenbaugh, States Attorney Rees, and Gahle have submitted briefs on the issues and have determined that neither a trial nor an oral argument would be beneficial. The court has considered the arguments of all the parties and makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1. Redenbaugh executed two notes, one on January 26, 1981 and the other in March, 1981, in the amount of $5,000.00 to Gahle. Redenbaugh tendered checks to Gahle in partial payment of the notes, but the checks were returned to Gahle for lack of sufficient funds. Gahle and Redenbaugh may have held conversations concerning Redenbaugh providing Gahle security for the notes in the form of automobiles.

2. On October 9, 1981, Redenbaugh filed a Petition in Bankruptcy. In his bankruptcy schedule Redenbaugh listed Gahle as a creditor in the amount owed on the notes. Gahle received notice of Redenbaugh's bankruptcy petition, and on November 9, 1981, he filed a Proof of Claim. A First Meeting of Creditors occurred on December 1, 1981, and though Gahle received notice he declined to attend. Gahle also received notice that the last day to file objections to Redenbaugh's discharge in bankruptcy was February 9, 1982. He neglected to file an objection to discharge. On February 10, 1982, Redenbaugh was discharged in bankruptcy.

3. Subsequent to Redenbaugh's discharge, Gahle contacted the States Attorney of Macoupin County to request the State to file criminal charges against Redenbaugh regarding the unpaid notes. On May 2, 1983, a preliminary hearing in the matter of The People of the State of Illinois v. Richard L. Redenbaugh, case number 83–CF–23, in the Circuit Court of the Seventh Judicial Circuit, Macoupin County, Illinois, transpired before the Honorable Dennis L. Schwartz. At the preliminary hearing Judge Schwartz heard testimony from Gahle regarding the interactions of Gahle and Redenbaugh involving the notes. Judge Schwartz concluded that probable cause existed to believe that the offense of theft was committed and that Redenbaugh committed the theft.

4. Redenbaugh initiated this Complaint For Injunctive Relief and Petition of Contempt to enjoin States Attorney Rees and Gahle from prosecuting Redenbaugh in case number 83–CF–23 and to find Gahle in contempt of this Court's Order of Discharge by pursuing criminal action 83–CF–23.

CONCLUSIONS OF LAW

1. Injunction.

Redenbaugh's complaint to enjoin criminal action 83–CF–23 is made pursuant to Sections 524(a)(2) and 105(a) of the Bankruptcy Code. 11 U.S.C. Section 524(a)(2), 105(a) (1979). Section 524(a)(2) provides an injunction against the commencement of any action, employment of process, and initiation of any act to collect or recover any debt which was discharged in bankruptcy. 11 U.S.C. Section 524(a)(2) (1979). Section 105(a) grants the Bankruptcy Court broad equitable powers to issue any order which is necessary to carry out the provisions of the Bankruptcy Code. 11 U.S.C. Section 105(a) (1979). Redenbaugh asserts that his discharge in bankruptcy prohibits the States Attorney and Gahle from proceeding with the theft prosecution against him.

Initially, this court notes it lacks the authority to enjoin another court. 28 U.S.C. Section 1481 (1979). Emergency Bankruptcy Rule (d)(1)(A) (1982). Redenbaugh, however, is careful to seek an injunction against the litigants, not the State Court, and neither Section 1481 nor the Emergency Rule prohibits this Court from enjoining litigants to an action from proceeding before another court. In re Kaping, 13 B.R. 621 (Bkrtcy.D.Ore.1981). In re Alan I.W. Frank Corp., 19 B.R. 41 (Bkrtcy. E.D.Penn.1982). In re Taylor, 16 B.R. 323 (Bkrtcy.D.Myld.1981).

The issue in this case pits strong policy considerations against each other. On one side is the pervasive philosophy and jurisdiction of the Bankruptcy Code buttressed

by the Supremacy clause. *In re Whitaker,* 16 B.R. 917, 920 (Bkrtcy.M.D.Tenn.1982). *In re Barnett,* 15 B.R. 504, 510 (Bkrtcy.D. Ks.1981). On the other side of the conflict are the concepts of comity and federalism, *In re Barnett,* supra at 508, *In re Taylor,* 16 B.R. 323, 326 (Bankr.D.Myld.1981), and the philosophy that federal courts are loath to enjoin a state court criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Courts which have considered the issue before this court have generally pursued one of three tacts: 1. recognize that federal courts are hesitant to enjoin a state criminal action but determine that under the circumstances an injunction is warranted [1]; 2. recognize that the Bankruptcy Code encourages granting a debtor a "fresh start" but hold that the Code does not provide authority to enjoin the state action [2]; or 3. recognize both the federalism and "fresh start" policies and hold that the state criminal action will not be enjoined but that the creditor will be enjoined from accepting any form of restitution from the state court [3]. This court deems the last line of cases the best course to follow.

An example of the court limiting the remedy of restitution is *In re Barnett,* 15 B.R. 504 (Bkrtcy.D.Kan.1981). In *In re Barnett* the court was asked to enjoin a state criminal statute which prohibited giving worthless checks. The court's analysis focussed on whether the state criminal action conflicted with the Bankruptcy Code. *In re Barnett* at 506, quoting *Perez v. Campbell,* 402 U.S. 637, 644, 91 S.Ct. 1704, 1708, 29 L.Ed.2d 233, 239 (1971). The court determined that one area of conflict between the state statute and Section 524(a)(2) of the Bankruptcy Code is the possibility of restitution in the former. The court held that the civil remedy of restitution was prohibited, and it stated,

"The creditor cannot request restitution or direct the county attorney to request

it, and the county attorney cannot recommend it. The federal Bankruptcy Code, by virtue of the Constitution's Supremacy Clause, forbids it, and this Court can and will enjoin any such requests or recommendations. Though this Court cannot enjoin a ... state court from ordering restitution because a bankruptcy court does not have injunctive power against other courts, 28 U.S.C. Section 1481, the federal law nevertheless protects a debtor from having to involuntarily satisfy a discharged debt."

*In re Barnett,* 15 B.R. 504, 510 (Bkrtcy.D. Kan.1981).

Similarly, in *In re Holder,* 26 B.R. 789 (Bkrtcy.M.D.Tenn.1982), the court reaffirmed an earlier decision holding that to the extent that a state's bad check statute requires full restitution, it conflicts with the Bankruptcy Code and is unconstitutional. *Id.* at 792. Another case which the court refused to enjoin the state criminal prosecution but enjoined the state's attorney from compelling the debtor to make restitution is *Johnson v. Lindsey,* 16 B.R. 211 (Bkrtcy.M.D.Fla.1981). In *Johnson* the court aptly stated the problem and resolution,

"There is no doubt that the filing of a petition in bankruptcy does not immunize a debtor from criminal prosecution. It is well established, however, that the Bankruptcy Court, will not permit the State to use criminal prosecution for the sole purpose of collecting a debt dischargeable in bankruptcy, or to use law enforcement as a collection agency."

*Johnson v. Lindsey,* 16 B.R. 211, 212 (Bkrtcy.M.D.Fla.1981) citations omitted.

The court enjoined the States Attorney from recommending or requesting restitution as part of the Court's sentence or as a condition to probation. The court also pro-

1. *In re Taylor,* 16 B.R. 323 (Bkrtcy.D.Md.1982); *In re Alan I.W. Frank Corporation,* 19 B.R. 41 (Bkrtcy.E.D.Pa.1982); *In re Delbert Leroy Kaping,* 13 B.R. 621 (Bkrtcy.D.Or.1981).

2. *Matter of Davis,* 15 B.R. 442 (Bkrtcy.D.Del. 1981) aff'd, 18 B.R. 701, 691 F.2d 176; *In re*

*C.H. Stuart, Inc.,* 12 B.R. 85 (Bkrtcy.W.D.N.Y. 1981).

3. *In re Barnett,* 15 B.R. 504 (Bkrtcy.D.Kan. 1981); *In re Ronald L. Holder,* 26 B.R. 789 (Bkrtcy.M.D.Tenn.1982); *Johnson v. Lindsey,* 16 B.R. 211 (Bkrtcy.M.D.Fla.1981).

hibited the creditor from recovering any portion of his claim from the state action.

The facts of the instant case warrant the same result as *In re Barnett, In re Holder,* and *Johnson v. Lindsey,* supra. Gahle received adequate notice of Redenbaugh's bankruptcy petition, First Meeting of Creditors, and time within which to file Objections to Discharge. The extent of Gahle's action was to file a Proof of Claim. Gahle carefully waited until Redenbaugh's bankruptcy action terminated and then pursued the criminal action in Macoupin County. Gahle obviously avoided participating in the Bankruptcy action to pursue his money via restitution in the criminal action. Gahle's Brief to this court admits that a motive for the criminal action was restitution. Gahle's Brief, p. 7. Gahle is attempting to collect his debt by way of the state court criminal proceedings, when the only place he can have the debt found to be non-dischargeable and therefore collectible, is in the bankruptcy court. 11 U.S.C. Section 523(c) (1979). Therefore, Gahle is enjoined from requesting or receiving any portion of his claim which was discharged in bankruptcy through criminal action 83–CF–23.

There is no suggestion that the States Attorney for Macoupin County initiated or has proceeded with action 83–CF–23 in bad faith or for any reason other than to promote the interests of the People of the State of Illinois. The Court declines to enjoin the State's Attorney of Macoupin County from prosecuting 83–CF–23. The Court, however, deems that Section 524(a)(2), prohibits the State's Attorney from recommending to the State Court that Redenbaugh pay restitution as a part of the sentence or as a condition of probation.

2. Contempt.

Redenbaugh requests this Court to hold Gahle in contempt of court for instituting and pursuing 83–CF–23 in violation of the Bankruptcy Code. Redenbaugh seeks to impose all losses and damages, including costs and attorney fees, as a result of the contempt. Since the court refuses to enjoin action 83–CF–23 from proceeding in State Court, it also refuses to find Gahle in contempt for pursuing the action or to assess any costs of damages for contempt.