**In re GEORGE G. SOLAR CO., INC., Debtor.**

**GEORGE G. SOLAR CO., INC., Plaintiff,**

**v.**

**AERONCA, INC., Defendant, Third Party Defendant,**

**v.**

**HARRISON INTERNATIONAL, INC., Third Party Defendant.**

**Bankruptcy No. 83–581.
Adv. No. 83–0731.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 3, 1984.

Jawdet I. Rubaii, Clearwater, Fla., for George G. Solar Co., Inc.

Robert W. Courtney, Tampa, Fla., Thomas B. Henson, Charlotte, N.C., for Aeronca, Inc.

Richard M. Zabak, Tampa, Fla., for Harrison Intern. Corp.

## ORDER DENYING DEBTOR'S MOTION FOR ORDER ABATING REQUIREMENTS OF PAYMENTS BY GEORGE G. SOLAR OR HIS COMPANY TO HARRISON, THIRD PARTY DEFENDANT

ALEXANDER L. PASKAY, Chief Judge.

This matter came before the Court for hearing on November 10, 1984 on debtor's motion for order abating the requirements of payments by George G. Solar or his company to Harrison, Third Party Defendant [1] (hereinafter referred to as Motion for Abatement). This Court heard argument from counsel for debtor, George G. Solar, Inc. (Solar, Inc.) and its principal, George G. Solar (Solar), and from Harrison International Corporation (Harrison). The Court also heard the testimony of Solar. In consideration of the argument, the testimony and the other evidence submitted by the parties, the Court finds as set forth hereinafter.

### FINDINGS OF FACT

Solar, Inc. and Solar had certain business dealings with Harrison during 1980 and 1981. Disputes arose out of these dealings, resulting in criminal and civil litigation against Solar and Solar, Inc. Specifically, in 1981 Solar was charged with grand theft, forgery and uttering a forged instrument in the Circuit Court in Pinellas County, Florida. The victim of the crimes was Harrison. Furthermore, in 1981, Harrison instituted civil proceedings against Solar and Solar, Inc. in the Circuit Court in Hillsborough County, Florida.

In the autumn of 1982, Solar, Solar, Inc. and Harrison entered into a settlement agreement in the civil litigation. This settlement agreement ultimately resulted in the entry of a second amended final judgment in favor of Harrison against Solar and Solar, Inc. in the principal amount of $115,000.00. Furthermore, the settlement agreement included an assignment to Harrison from Solar and Solar, Inc. of certain claims Solar and Solar, Inc. had against Aeronca, Inc., a corporation headquartered in North Carolina. On or about January 16, 1983, Harrison and Aeronca, Inc. entered into an agreement whereby Aeronca agreed to pay Harrison $20,000.00 in satisfaction of a commission claim of $40,000.00 which had been assigned to Harrison by virtue of the assignment contained in the settlement agreement among Solar, Solar, Inc. and Harrison. Harrison has received this $20,000.00 payment and has credited the $20,000.00 toward its second amended final judgment against Solar and Solar, Inc.

On February 9, 1983 pursuant to a plea of nolo contendere to the criminal charges against him, Solar was adjudicated guilty by the Circuit Court in and for Pinellas County. At or about the same time, Solar was sentenced to probation for five years and was required to make restitution to Harrison as follows: a lump sum payment of $40,000.00 to be paid at the time of sentencing; $41,000.00 to be paid in equal monthly installments throughout the five year probationary period, resulting in monthly installment payments of $683.33 each. As of the date of the hearing on this matter, Solar has paid Harrison the lump sum restitution payment of $40,000.00, as well as 20 monthly restitution payments of $683.33 (for a total of $13,666.66 in monthly payments). Harrison has credited the restitution payments received by it, as well as the $20,000 received by it as a result of the assignment referenced above, toward the second amended final judgment against Solar and Solar, Inc. Solar contends that his restitution obligation should also be reduced by the $20,000.00 received by Harrison as a result of the assignment. Harrison disagrees with this contention, asserting that the $20,000.00 was and is not part of the restitution ordered by the criminal court. This question, however, is for resolution by the Court which imposed the restitution obligation, and not this Court.

**1.** By virtue of a notice of voluntary dismissal served by Aeronca, Inc. on or about November 2, 1984, Harrison is actually no longer a third party defendant in the captioned adversary proceeding. It is, however, a creditor in the captioned Chapter 11 proceeding.

Subsequent to the settlement of the civil litigation and the entry of the criminal judgment and sentence of Solar, and on or about March 22, 1983, Solar, Inc. filed its petition under Chapter 11 of the bankruptcy laws. Thereafter, on or about June 18, 1984, Solar and his wife filed a separate proceeding under Chapter 13 of the bankruptcy laws, which has since been converted to a Chapter 11 proceeding. Harrison has filed proofs of claim in both of the foregoing proceedings based upon its second amended final judgment against Solar and Solar, Inc., jointly and severally, in the principal sum of $115,000.00. The amounts of the claims were reduced by the monies which have been received by Harrison and credited toward the second amended final judgment against Solar and Solar, Inc.

## CONCLUSIONS OF LAW

 Solar has moved this Court to abate his obligation to continue making monthly restitution payments to Harrison. In support of his motion, Solar relies on a line of cases involving principally criminal prosecution for passing worthless checks. *See, e.g., Johnson vs. Lindsey*, 16 B.R. 211 (M.D.Fla.1981); *Richardello vs. Garrick*, 28 B.R. 344 (D.Mass.1983). These cases deal with situations where, subsequent to a debtor filing a petition in bankruptcy, criminal charges were instituted against the debtor in an apparent attempt to circumvent the automatic stay provision of the Bankruptcy Code and require the debtor to pay the amount of the worthless checks by way of restitution. As this Court stated in *Johnson vs. Lindsey, supra*, "the Bankruptcy Court will not permit the State to use criminal prosecution for the sole purpose of collecting a debt dischargeable in bankruptcy, or to use law enforcement as a collection agency." 16 B.R. at 212. In the present case, however, a criminal proceeding was commenced and concluded with a sentence imposing restitution well before either Solar or Solar, Inc. commenced bankruptcy proceedings. The present situation is therefore the reverse of the situation in *Johnson vs. Lindsey* and *Richardello vs. Garrick, supra*. In fact, this case is more similar to *In Re Magnifico*, 21 B.R. 800 (D.Ariz.1982). In *Magnifico*, as in this case, a person had been sentenced to probation and was required to make restitution in regular monthly payments prior to the institution of any bankruptcy proceedings. After making one payment, Magnifico filed a petition in bankruptcy. The State of Arizona subsequently filed a complaint in the Bankruptcy Court "to determine the nondischargeability of an order of restitution as a condition of probation resulting from a pre-petition criminal conviction and alternately seeking a determination that such criminal *restitution* is not a debt ...." *Id.* at 801 (emphasis original). The Bankruptcy Court agreed and held that the criminal restitution involved in the case before it was "not a debt contemplated by the Bankruptcy Code ... and therefore [was] not subject to the stay or discharge provisions of the Bankruptcy Code." *Id.* at 803.

The Eleventh Circuit Court of Appeals has indicated a reluctance to interfere with state criminal proceedings absent extraordinary circumstances. Indeed, paraphrasing a portion of the legislative history of the Bankruptcy Code, the Eleventh Circuit has stressed that the "bankruptcy courts were not created as a haven for criminals." *Barnette vs. Evans*, 673 F.2d 1250, 1251 (11th Cir.1982). Furthermore, "[t]here is a public interest in every good faith criminal proceeding, especially on the presentment of a grand jury, which overrides any interest the Bankruptcy Court may have in protecting the financial interest of debtors." *Id.*

There is nothing before this Court to suggest that it should depart from the principles enunciated in *Barnette vs. Evans, supra*. Therefore, it is

ORDERED AND ADJUDGED that debtor's motion for abatement be and hereby is DENIED, without prejudice to Solar's right to request the court which sentenced Solar to adjust his restitution payments, if such court determines that he is entitled to an adjustment.