In re Belford T. BROWN, Sr., d/b/a Brown's Aero Service, Debtor.

Belford T. BROWN, Sr., d/b/a Brown's Aero Service, Plaintiff,

v.

Fred HAMPTON d/b/a Rich Mountain Aviation and Sam Pope, Prosecuting Attorney for the Tenth Judicial District for the State of Arkansas, Defendants.

Bankruptcy No. PB 85–90M.
Adv. 85–206M.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

June 7, 1985.

Bob Lawson, Little Rock, Ark., for debtor.

David S. Mitchell, Atty. Gen. Office, Little Rock, Ark., for Sam Pope.

**52**

Danny Thrailkill, Mena, Ark., for Fred Hampton.

## TEMPORARY ORDER

JAMES G. MIXON, Bankruptcy Judge.

The debtor filed a petition for relief under the provisions of Chapter 7 on March 7, 1985. On April 16, 1985, Honorable Sam Pope, Prosecuting Attorney for the Tenth Judicial Circuit of the State of Arkansas filed an information against the debtor charging him with a violation of Ark.Stat. Ann. § 67–720 (Repl.1980), Arkansas' hot check law, a Class B felony. The information alleges that the debtor delivered an insufficient fund check to Rich Mountain Aviation on September 29, 1984, knowing at that time that he did not have sufficient funds to pay the check.

The debtor asks for a temporary restraining order/preliminary injunction against Fred Hampton d/b/a Rich Mountain Aviation and against Sam Pope, the prosecuting attorney. A hearing was held on May 21, 1985, on the debtor's motion for a temporary restraining order. Trial on the merits of debtor's complaint for permanent injunction is scheduled for June 18, 1985.

 At the conclusion of the May hearing, the Court rendered a decision from the bench and erroneously concluded that it lacked authority to enjoin the prosecuting attorney from proceeding. The Bankruptcy Court does have the authority to enjoin a state officer from prosecuting a criminal proceeding. 2 *Collier on Bankruptcy* ¶ 362.05[1] (15th ed. 1983); *Matter of Davis*, 691 F.2d 176 (3rd Cir.1982); *In re Penny*, 414 F.Supp. 1113 (W.D.N.C.1976). Bankruptcy courts have halted criminal proceedings for violation of state "hot check laws" when it appears that the institution of the criminal proceedings is a veiled proceeding to collect a prepetition debt. *In re Curly*, 25 B.R. 260 (Bkrtcy.E. D.Pa.1982); *In re Taylor*, 16 B.R. 323

(Bkrtcy.D.Md.1981). 11 U.S.C. § 362, by its own terms, does not act to stay a criminal proceeding.[1] Courts which have enjoined the respective litigants in a criminal proceeding have done so pursuant to 11 U.S.C. § 105(a). *Matter of Davis*, 691 F.2d 176 (3rd Cir.1982); *In re Redenbaugh*, 37 B.R. 383 (Bkrtcy.C.D.Ill.1984).

The issue presented here involves two compelling yet competing policy considerations. On the one hand, there is the jurisdiction of the Bankruptcy Court as an adjunct of the District Court with its congressionally mandated interest in securing to a debtor a fresh start and, on the other hand, there is the interest of the State of Arkansas in seeing that its laws are not violated. It is unrealistic to suggest that the motives for pursuing the prosecution of a violation of a "hot check law" can be separated so that prosecution not for the purpose of compelling restitution is permissible while one motivated for that purpose is impermissible. In this Court's view, it is impossible to discern between the two motives except in an extraordinary factual situation. Against this background are the concepts of comity and federalism which mandate a minimum of interference with state criminal proceedings by the federal courts. *See Matter of Davis*, 691 F.2d 176 (3rd Cir. 1982); *Barnette v. Evans*, 673 F.2d 1250 (11th Cir.1982).

This Court is unwilling to enjoin, even temporarily, a bona fide criminal proceeding except in the most extraordinary and compelling circumstances resulting in irreparable harm to the debtor or the creditors of the estate. These circumstances have not been shown to exist in this case. *See Matter of Davis*, 691 F.2d 176 (3rd Cir. 1982); *Barnette v. Evans*, 673 F.2d 1250 (11th Cir.1982).

The Court is inclined to follow the approach of the Bankruptcy Court in the case of *In re Redenbaugh*, 37 B.R. 383 (Bkrtcy. C.D.Ill.1984) which, although not enjoining the criminal prosecution, did enjoin the in-

---

**1.** 11 U.S.C. § 362(b)(1) provides, in part, that the filing of a petition does not operate as a stay of the commencement or continuation of a

criminal action or proceeding against the debtor.

**53**

stigating creditor from receiving restitution as part of the criminal proceeding. *See also In re Barnett*, 15 B.R. 504 (Bkrtcy.D.Kansas 1981); *In re Holder*, 26 B.R. 789 (Bkrtcy.M.D.Tenn.1982); *Johnson v. Lindsey*, 16 B.R. 211 (Bkrtcy.S.D.Fla. 1981).

Therefore, Fred Hampton, individually, and in his capacity as an officer of Rich Mountain Aviation, Inc., is hereby temporarily enjoined under the provisions of 11 U.S.C. § 105(a) from accepting, directly or indirectly, restitution in any form from the debtor, Belford T. Brown, in connection with any proceeding in any court, except the United States Bankruptcy Court for the Eastern District of Arkansas. This injunction is granted pursuant to the debtor's request for a temporary injunction. A hearing on the merits of the debtor's complaint for a permanent injunction will be held on June 18, 1985, at 9:30 a.m. at the United States Courthouse in Pine Bluff, Arkansas.

IT IS SO ORDERED.