In re Jerry D. BROWN and Michele A. Brown, f/k/a Michele Deyoung, Debtors.

Jerry D. BROWN and Michele A. Brown, f/k/a Michele Deyoung, Plaintiffs,

v.

VALI–CHEK, Defendant.

Jerry D. BROWN and Michele A. Brown, f/k/a Michele Deyoung, Plaintiffs,

v.

SUNSHINE FOOD MARKETS OF SIOUX FALLS, Defendant.

Jerry D. BROWN and Michele A. Brown, f/k/a Michele Deyoung, Plaintiffs,

v.

CHECKRITE OF SIOUX FALLS, Defendant.

Bankruptcy No. 88–40601–PKE.

Adv. Nos. 89–4011–PKE, 89–4008–PKE, and 89–4010–PKE.

United States Bankruptcy Court, D. South Dakota.

Oct. 10, 1989.

Nunc Pro Tunc Sept. 12, 1989.

John M. Wilka, Christenson & Wilka, P.C., Sioux Falls, S.D., Jonathan K. Van Patten, Vermillion, S.D., for Jerry Brown and Michele Brown.

Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for Vali–Chek & Sunshine Food Markets of Sioux Falls.

Joaquin K. Hanson, Delbridge and Hanson, Sioux Falls, S.D., for Checkrite of Sioux Falls.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Jerry D. Brown and Michele A. Brown, hereinafter Plaintiffs, are in a Chapter 7 bankruptcy. As part of Plaintiffs' bankruptcy, they filed complaints pursuant to 11 U.S.C. § 362(a)(6) and (h). Plaintiffs' complaints seek a determination that Vali–Chek, Sunshine Food Markets of Sioux Falls, and Checkrite of Sioux Falls, hereinafter Defendants, have violated the automatic stay as provided by 11 U.S.C. § 362(a). The relief requested is the Plaintiffs' actual damages, including costs and attorneys' fees, compensatory damages, and punitive damages as provided by 11 U.S.C. § 362(h). In response, Defendants have filed motions to dismiss for failure to state a claim upon which relief can be granted. Defendants allege that 11 U.S.C. § 362(b)(1) excepts from the automatic stay the commencement or continuation of a state criminal proceeding against the Plaintiffs (Chapter 7 debtors). The Court held a hearing on the Defendants' motions to dismiss (all the motions to dismiss were heard together). After reviewing the briefs and hearing the arguments of counsel, the Court took the matters under advisement. Robert E. Hayes appeared as counsel for Defendants Vali–Chek and Sunshine Food Markets of Sioux Falls, Joaquin K. Hanson appeared as counsel for Defendant Check-rite of Sioux Falls, and John M. Wilka and Jonathan K. Van Patten appeared as counsel for Plaintiffs. This Memorandum Decision is based upon the pleadings, arguments of counsel, and briefs submitted by counsel.

## FACTS

This action arises from Plaintiffs' incarceration due to insufficient funds checks written to retail merchants. The facts as Plaintiffs allege them are as follows.

On December 23, 1988, Plaintiffs (debtors) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Plaintiffs submitted with their Chapter 7 petition a mailing matrix listing all creditors of the Plaintiffs as of the date of filing. Defendants (Vali–Chek, Sunshine Foods, and Checkrite) were included on the mailing matrix. Notice of the Chapter 7 filing and the date of the Section 341 meeting of creditors was mailed by the Bankruptcy Clerk's office on January 11, 1989.

Vali–Chek was the collection agent for Randall's Food Store which held a check dated September 11, 1988, in the amount of $60.00 and drawn on Plaintiffs' account at Western Bank in Sioux Falls. The check was not honored by the bank because of insufficient funds in the Plaintiffs' account. On or about January 20, 1989, Vali–Chek submitted information regarding the check to the Minnehaha County State's Attorney's office.

Sunshine Food Markets of Sioux Falls held a check dated October 19, 1988, in the amount of $6.00 and drawn on the Plaintiffs' account at Western Bank. The check was not honored by the bank because of insufficient funds in the Plaintiffs' account. On or about January 18, 1989, Sunshine submitted information regarding the check to the Minnehaha County State's Attorney's office.

Checkrite of Sioux Falls was the collection agent for Mr. Nifty's Cleaners of Sioux Falls which held a check dated November 21, 1988, in the amount of $9.50 and drawn on the Plaintiffs' account at Western Bank in Sioux Falls. The check

was not honored by the bank because of insufficient funds in the Plaintiffs' account. On or about January 26, 1989, Checkrite of Sioux Falls submitted information regarding the check to the Minnehaha County State's Attorney's Office.

As a result of these actions, warrants were issued for the arrest of both Plaintiffs. Jerry D. Brown was arrested on or about February 4, 1989. Michele A. Brown was arrested on or about February 6, 1989.

The adversary proceedings against Defendants were filed on March 28, 1989. The adversary proceedings seek a determination from this Court that such actions were in violation of the automatic stay, as provided by 11 U.S.C. § 362(a), and ask for compensatory and punitive damages, and costs and attorneys' fees incurred in connection with these matters.

Defendants have filed motions to dismiss the Plaintiffs' adversary proceedings for failure to state a claim upon which relief may be granted. The motions have been consolidated because of the identity of legal issues raised therein.

### PLAINTIFFS' ARGUMENTS

1. Defendants' acts were commenced to collect debts through use of the (state) criminal process.

2. Actions commenced for the purpose of collecting pre-filing indebtedness through the use of the (state) criminal process violated the automatic stay as provided by 11 U.S.C. § 362(a)(6).

3. The Bankruptcy Court has the power to award compensatory and punitive damages, as well as costs and attorneys' fees, as provided by 11 U.S.C. § 362(h), for criminal actions commenced for the purpose of collecting pre-filing indebtedness.

### DEFENDANTS' ARGUMENTS

1. Actions commenced for the purpose of collecting pre-filing indebtedness (in this case, bad checks) through the use of the (state) criminal process do not violate the automatic stay as provided by 11 U.S.C. § 362(a)(6).

2. 11 U.S.C. § 362(b)(1) excepts from the automatic stay the commencement or continuation of criminal actions for the purpose of collecting pre-filing indebtedness.

3. The Bankruptcy Court does not have the power to award compensatory and punitive damages, as well as costs and attorneys' fees, as provided by Section 362(h), for criminal actions commenced for the purpose of collecting pre-filing indebtedness.

### ISSUE

Do Plaintiffs' complaints withstand Defendants' motions to dismiss for failure to state a cause of action upon which relief can be granted in light of 11 U.S.C. § 362(a)'s stay not operating against 11 U.S.C. § 362(b)(1) when Plaintiffs' complaints allege Defendants commenced state criminal proceedings to collect pre-filing debt in violation of 11 U.S.C. § 362(a)(6)? Yes.

### RULING

The purpose of a motion to dismiss pursuant to Bankruptcy Rule 7012 is to review the legal sufficiency of the complaint. It is not intended to supplant the trial of factual issues. The Court must accept the allegations in the debtor's complaint[s] as true and must view the allegations in the light most favorable to the debtor. *In re Wilson,* 90 B.R. 208, 212 (Bankr.E.D.Va.1988); *In re Kaiser Steel Corp.,* 87 B.R. 154, 155 (Bankr.D.Colo.1988); *In re Doyle,* 70 B.R. 106, 107 (9th Cir.BAP 1986). The motion to dismiss is proper only if it appears that the allegations are insufficient as a matter of law to state a claim that would entitle the pleader to relief, resolving all doubts in the pleader's favor. *In re Kaiser Steel Corp., supra,* 87 B.R. at 155; *In re Stephen W. Grosse, P.C.,* 68 B.R. 847, 848, 850 (Bankr. E.D.Pa.1987).

Because Bankruptcy Rule 7012 is based upon Federal Rules of Civil Procedure Rule 12, the Eighth Circuit's articulation of the appropriate standard is relevant here:

In testing the sufficiency of the complaint, this court must accept the plaintiff's factual allegations as true. "A complaint must be viewed in the light

most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under FRCP Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'"

*Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982) (quoting *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979)). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The issue in this case pits strong policy considerations against each other. *In re Redenbaugh*, 37 B.R. 383, 385 (Bankr.C.D. Ill.1984). On one side is the pervasive philosophy and jurisdiction of the Bankruptcy Code buttressed by the Supremacy Clause. *In re Whitaker*, 16 B.R. 917, 920 (Bankr.M. D.Tenn.1982); *In re Barnett*, 15 B.R. 504, 510 (Bankr.D.Kan.1981). *See Redenbaugh*, 37 B.R. at 386. On the other side of the conflict are the concepts of comity and federalism, *Barnett*, 15 B.R. at 508, *In re Taylor*, 16 B.R. 323, 326 (Bankr.D.Md.

1981), and the philosophy that federal courts are loath to enjoin a state court criminal proceeding. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Redenbaugh*, 37 B.R. at 386.

Despite 11 U.S.C. § 362(b)(1), which exempts criminal proceedings from the automatic stay provisions of the Bankruptcy Code, several bankruptcy courts have held that they have the authority to enjoin state criminal proceedings against a bankruptcy petitioner. *In re Dettler Farms*, 58 B.R. 404 (Bankr.D.S.D.1986); *In re Wagner*, 18 B.R. 339 (Bankr.W.D.Mo.1982); *In re Whitaker*, 16 B.R. 917 (Bankr.M.D.Tenn. 1982); *In re Taylor*, 16 B.R. 323 (Bankr.D. Md.1981); *In re Kaping*, 13 B.R. 621 (Bankr.D.Or.1981); *In re Bray*, 12 B.R. 359 (Bankr.M.D.Ala.1981); *In re Lake*, 11 B.R. 202 (Bankr.S.D.Ohio 1981); *In re Reid*, 9 B.R. 830 (Bankr.M.D.Ala.1981); *In re Caldwell*, 5 B.R. 740 (Bankr.W.D.Va.1980); *In re Barth*, 4 B.R. 141 (Bankr.W.D.Mo. 1980); *contra In re Trail West*, 17 B.R. 330 (Bankr.D.S.D.1982); *In re Davis*, 15 B.R. 442 (Bankr.D.Del.1981); *In re C.H. Stuart, Inc.*, 12 B.R. 85 (Bankr.W.D.N.Y. 1981); *In re Button*, 8 B.R. 692 (Bankr.W. D.N.Y.1981). *See Matter of Lare*, 24 B.R. 959, 961 (Bankr.D.Md.1982). In *Taylor*, 16 B.R. at 325–26, for example, the court, echoing the views of most other bankruptcy courts that have addressed the issue, held that under 11 U.S.C. § 105,[1] bankruptcy courts may enjoin state criminal proceedings "[w]hen it is clear that the principal motivation [in prosecuting the bankruptcy petitioner] is neither punishment nor a sense of duty, but rather to obtain payment of [(or collect)] a dischargeable debt." *See also Godfrey v. Godfrey*, 472

1. 11 U.S.C. § 105 provides:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

(b) Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title.

(c) The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. This subsection shall not be interpreted to exclude bankruptcy judges and other officers or employees appointed pursuant to chapter 6 of title 28 from its operation.

F.Supp. 364 (M.D.Ala.1979); *In re Penny,* 414 F.Supp. 1113 (W.D.N.C.1976); *In re Herman Hassinger, Inc.,* 20 B.R. 517 (Bankr.E.D.Pa.1982). *See Lare,* 24 B.R. at 961.

The "principal motivation" test adhered to by most of the bankruptcy courts [has] been criticized that it is contrary to the spirit, if not the precise holding, of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger,* the Supreme Court held that absent a showing of bad faith, harassment, or extraordinary circumstances, federal courts may not enjoin pending state criminal proceedings. *Younger,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Indeed, the Eleventh Circuit, in reversing a bankruptcy court's injunction of a state bad check prosecution, disapproved the "principal motivation" test because 11 U.S.C. § 105 "gives a bankruptcy court no more authority to ignore the principles of *Younger v. Harris* than does the grant of general jurisdiction to a district court." *Barnette v. Evans,* 673 F.2d 1250, 1252 (11th Cir.1982). Furthermore, creditors cannot utilize the criminal process as a means of extracting a preference not accorded to other similarly situated creditors. *In re Dettler Farms,* 58 B.R. 404, 407 (Bankr.D.S.D.1986).

The Court need not decide which approach or test to follow. This Court need only decide whether the allegations are sufficient to state a claim upon which relief could be granted.

The Court realizes that the relief requested by Plaintiffs in this case is different from the injunctive relief sought in the cases discussed above. The main issue here is not the type of relief requested, but, rather, whether Plaintiffs' complaints withstand Defendants' motions to dismiss for failure to state a cause of action upon which relief can be granted in light of 11 U.S.C. § 362(a)'s stay not operating against 11 U.S.C. § 362(b)(1) when Plaintiffs' complaints allege Defendants commenced state criminal proceedings to collect pre-filing

debt in violation of 11 U.S.C. § 362(a)(6). It is also the main issue in the case law discussed above.

The Court finds that, regardless of which approach it decides to follow, there are circumstances, under both approaches, which allow federal courts to override the 11 U.S.C. § 362(b)(1) exception to the automatic stay provision of the Bankruptcy Code. The Court finds, when viewing the allegations of the complaints in the light most favorable to the Plaintiffs, that the allegations are sufficient to state a claim upon which relief could be granted.

Plaintiffs' cause of action survives for trial even if Defendants' motions are treated as a motion for summary judgment under Rule 56, Fed.R.Civ.P., made applicable by Rules 7012(b) and 7056, Bankr.R. In accord with a motion to dismiss, the court deciding summary judgment views evidence in a light most favorable to the nonmovant. *Hines v. A.O. Smith Harvestore Products, Inc.,* 880 F.2d 995 (8th Cir.1989) (quoting *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987)). Summary judgment is appropriate only where no genuine issue as to any material fact exists and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Plaintiffs' punitive damage prayers require Defendants' states of mind be discerned, which is not an issue conducive to summary judgment. *Katz v. Goodyear Tire and Rubber Co.,* 737 F.2d 238, 245 (2d Cir.1984); *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 212, 157 N.W.2d 19, 22 (1968). Genuine issues of material fact remaining in dispute and the matter of whether Defendants' actions violate 11 U.S.C. § 362(a) render summary judgment inappropriate in part or whole. Furthermore, only matters inside of the pleadings provide the base for this Court's present decision[2] under Rule 7012(b), Bankr.R. *See Inland Container Corp. v. Continental Ins. Co.,* 726 F.2d 400 (8th Cir.1984).

---

**2.** This Court, on August 4, 1989, denied only Defendant Checkrite's motion for summary judgment.

In light of the above ruling, this Bankruptcy Court denies the Defendants' motions to dismiss. Order entered.