The Honorable Paul R. Bosson, Prosecuting Attorney 18th Judicial District East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This official Attorney General opinion is issued in response to your recent questions regarding the prosecution of "hot check" violations in situations involving bankruptcy.
More specifically, you have asked four questions, each of which is based on a specific set of facts. Your questions and the facts upon which each is based are set forth following:
 (1) Facts: A person who is under investigation for violation of the Arkansas Hot Check Law, or for writing checks on a closed account, files for bankruptcy under either Chapter 11 or Chapter 13, and lists the face amounts of the checks on the bankruptcy petition as post-petition debts.
 Question: May the state nonetheless file a criminal charge, or must the state interject itself into the bankruptcy proceeding?
 (2) Facts: The state files the criminal charge against the person described in Question 1, and either before or after the arrest, the person files the bankruptcy petition.
 Question: May the state proceed with the case?
 (3) Facts: The person described in Question 1 pleads guilty to the criminal charges. Under the plea agreement, the person is ordered to make restitution to the victim. Monthly payments are a written condition of probation. Subsequently, the person files a bankruptcy petition. The hot check victims are listed as creditors.
 Question: Is criminal restitution dischargeable in either a Chapter 11 or Chapter 13 bankruptcy proceeding?
 (4) Facts: Same as in Question 3.
 Question: If the response to Question 3 is affirmative, may the state, as a condition of probation, set forth a paragraph in the probation order, stating that the person may not discharge the victim restitution in a bankruptcy proceeding?
RESPONSE
(1) Facts: A person who is under investigation for violation of theArkansas Hot Check Law, or for writing checks on a closed account, filesfor bankruptcy under either Chapter 11 or Chapter 13, and lists the faceamounts of the checks on the bankruptcy petition as post-petition debts.
Question: May the state nonetheless file a criminal charge, or must thestate interject itself into the bankruptcy proceeding?
It is my opinion that the state may file a criminal charge, unless the particular facts of the case indicate that going forward with the prosecution would be inappropriate.
Although § 362 [11 U.S.C. § 362(a)] of the Bankruptcy Code provides generally for an automatic stay of actions against debtors who have filed for bankruptcy relief, that section also provides for certain exceptions to the automatic stay. The exception that is stated in § 362(b) applies to the scenario that you have described.
It states:
 (b) The filing of a petition under section 301, 302, or 303 of the this title . . . does not operate as a stay —
 (1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor. . . .
11 U.S.C. § 362(b)(1).
The courts have consistently held that prosecutions of hot check violations were not subject to the automatic stay, and could therefore proceed, despite the filing of a bankruptcy petition. See, e.g., Schakev. Buffalo County, Neb., 154 B.R. 270 (D. Neb. 1993); In re Jennings,102 B.R. 178 (W.D. Mo. 1989); Matter of Jeens of Puerto Rico, 74 B.R. 16 (D. Puerto Rico 1987); Brown v. Hampton, 51 B.R. 51 (E.D. Ark. 1985); In reBarnett, 15 B.R. 504 (Bkrtcy. Kan. 1981).
Nevertheless, the courts have also recognized that in some instances, prosecutions of criminal cases should be enjoined in a bankruptcy context when the facts indicate that proceeding with prosecution would be inappropriate. Some of the circumstances that the courts have indicated would render prosecution inappropriate are those in which the prosecution is being pursued in bad faith, Schake v. County of Buffalo, Neb.,154 B.R. 270 (D. Neb. 1993); those in which the prosecution is being conducted as a part of an aggressive campaign for the sole purpose of collecting the debt in question, Delay v. Underwood, 48 B.R. 282 (W.D. Mo. 1984); and those in which the prosecution would cause the debtor or creditors irreparable harm, Brown v. Hampton, 51 B.R. 51 (E.D. Ark. 1985). It is the debtor's burden to prove the facts that would form the necessary basis for an injunction against prosecution. Washington v.Hale, 146 B.R. 807 (E.D. Ark. 1992). For a thorough discussion of these issues see Brinkman v. City of Edina, 123 B.R. 318 (D. Minn. 1991). The question of whether a particular criminal prosecution should be enjoined is purely a question of fact that will turn entirely upon the circumstances of each individual case. For this reason, I am unable to render a general opinion regarding the appropriateness of an injunction.
On the basis of the principles and authorities set forth above, I must conclude that the state may proceed with the prosecution of its criminal charge in the described scenario, unless the particular facts of the individual case would indicate that the prosecution should be enjoined.
(2) Facts: The state files the criminal charge against the persondescribed in Question 1, and either before or after the arrest, theperson files the bankruptcy petition.
Question: May the state proceed with the case?
For the reasons stated in response to Question 1, and upon the basis of the authorities cited therein, it is my opinion that, unless enjoined for fact-specific reasons, the state may proceed with the case. Neither the language of § 362 nor its interpretation by the courts predicates its applicability upon the criminal case having proceeded to any particular stage. Indeed, the exception stated in § 362 specifically allows both the "commencement" and the "continuation" of such cases. Schake v. BuffaloCounty, Neb., 154 B.R. 270 (D. Neb. 1993).
(3) Facts: The person described in Question 1 pleads guilty to thecriminal charges. Under the plea agreement, the person is ordered to makerestitution to the victim. Monthly payments are a written condition ofprobation. Subsequently, the person files a bankruptcy petition. The hotcheck victims are listed as creditors.
Question: Is criminal restitution dischargeable in either a Chapter 11 orChapter 13 bankruptcy proceeding?
It is my opinion that criminal restitution is not dischargeable in either a Chapter 13 bankruptcy proceeding or a Chapter 11 bankruptcy proceeding.
Chapter 13 of the Bankruptcy Code specifically provides that restitution obligations are not dischargeable. Section 1328(a) of the Code states:
 (a) As soon as possible after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of the title, except any debt —
* * *
 (3) for restitution, or criminal fine, included in a sentence on the debtor's conviction of a crime.
11 U.S.C. § 1328(a)(3).
Paragraph (3), quoted above, was added to Section 1328 by the Criminal Victim Protection Act of 1990 [P.L. 101-581], and had the effect of overruling the U.S. Supreme Court's decision in Pennsylvania PublicWelfare Dept. v. Davenport, 495 U.S. 552 (1990), in which the Court had held that restitution obligations are dischargeable in Chapter 13 proceedings.
Because of the Congress's specific provision regarding this matter, I must conclude that a restitution obligation such as you have described is not dischargeable in a Chapter 13 proceeding.
Chapter 11 of the Bankruptcy Code provides that no debtor is to be discharged under a Chapter 11 plan if he or she would be denied a discharge under Chapter 7. See 11 U.S.C. § 1141(d)(3)(C). The U.S. Supreme Court has specifically held that restitution obligations are not dischargeable under Chapter 7. See Kelly v. Robinson, 479 U.S. 36
(1986). I must therefore conclude that restitution is not dischargeable under Chapter 11.
(4) Facts: Same as in Question 3.
Question: If the response to Question 3 is affirmative, may the state, asa condition of probation, set forth a paragraph in the probation order,stating that the person may not discharge the victim restitution in abankruptcy proceeding?
Because I have opined that restitution obligations are not dischargeable either in Chapter 11 proceedings or in Chapter 13 proceedings, response to Question 4 is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh