**UNITED STATES of America**

v.

**Raul CARO, Defendant,**

and

**Emilio Caro, Guillermo Caro, Jaime Caro and Hugo Caro, Sureties.**

**No. 83 CR 556.**

United States District Court, E.D. New York.

March 22, 1985.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Jonny J. Frank, Michael G. Cavanagh, Ass't U.S. Attys., Brooklyn, N.Y., of counsel) for U.S.

Lucio Galvis, Jamaica, N.Y., for surety Guillermo Caro.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a motion by the government for an Order declaring the forfeiture of bail,

entering judgment against the sureties, and appointing a receiver to sell property owned by surety Guillermo Caro. For the reasons developed below, the motion is granted in part and denied in part. To the extent the government seeks to take action affecting Guillermo Caro's property, the matter is referred to the United States Bankruptcy Court for this district.

### Facts

Defendant is charged with possession of cocaine with intent to distribute it, and with conspiracy to possess cocaine. 21 U.S.C. §§ 841(a)(1), 846. On January 13, 1984 defendant and his four brothers, the sureties named in this action, signed a $100,000 appearance bond. Emilio Caro deposited $35,000 cash with the Clerk of the Court, and Guillermo Caro pledged to the government his house at 85-96 Parsons Boulevard, Jamaica, New York. Sometime, thereafter, defendant became a fugitive.

On December 20, 1984 this Court signed an Order directing the sureties to show cause on January 11, 1985 why the government should not be granted the relief it seeks. Surety Guillermo Caro, however, filed a petition under Chapter 13 of the Bankruptcy Code on January 8, 1985, and now claims that the automatic stay provision of the Code, 11 U.S.C. § 362, prevents the government from taking any action with respect to his property.

### Discussion

Other than Guillermo Caro, none of the sureties responded to the Court's Order to Show Cause, and Guillermo Caro admits in his papers his monetary obligation to the government. Accordingly, the Court will declare the bail forfeited and direct the Clerk to enter judgment against defendant and the sureties for $100,000. Still to be resolved, however, is what action, if any, the government may take with respect to Guillermo Caro's property.

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates to stay numerous judicial proceedings afecting the debtor, including acts to enforce pre-petition judgments against the debtor, acts to obtain possession of property of the debtor's estate, and acts to create, perfect or enforce liens against property of the estate. 11 U.S.C. § 362(a)(1)–(6). The government makes several arguments against the applicability of the automatic stay: 1) title to the property vested in the government when defendant became a fugitive, thus the property was not in the estate at the filing of the petition; and 2) even if the property remains in the debtor's estate, the automatic stay does not apply in this proceeding.

The government's first argument rests on a "relation back" theory of forfeiture. In *United States v. Stowell*, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890), the Supreme Court held that when a forfeiture turns on the commission of a specific act, the forfeiture takes place immediately upon commission of the act. Title is perfected upon subsequent judicial condemnation; the condemnation, when obtained, relates back to the date of the act. *Id.* at 16–17, 10 S.Ct. at 247. Thus, argues the government, title to the Parsons Boulevard property vested in the United States on the date defendant became a fugitive, well before Guillermo Caro filed his bankruptcy petition.

The government's second argument is that several exceptions to the automatic stay provision apply here. Subsection (b) of § 362 provides that subparagraphs (1) and (2) of the automatic stay provision do not prevent "the commencement ... of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," 11 U.S.C. § 362(b)(4), or "the enforcement of a judgment, other than a money judgment, obtained in [such] an action or proceeding." *Id.* § 362(b)(5).

▪ Whether the governmental action falls within these exemptions depends on whether the government is protecting its pecuniary interest in the property of the debtor, or its interest in the public health and safety. *Missouri v. United States Bankruptcy Court*, 647 F.2d 768, 776 (8th

Cir.1981), *cert. denied,* 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982); *In re Ryan,* [1981–82 Transfer Binder] Bankr.L. Rep. (CCH) ¶ 68,466, at 80,102 (Bankr.D. Md.1981). When the government's interest is the former, no exemption applies and the action is stayed. *Missouri v. United States Bankruptcy Court, supra,* 647 F.2d at 768.

The government makes a compelling argument that its interest here is the protection of the public's health and safety, and that it seeks forfeiture only as a means to coerce defendant's presence. *Cf. United States v. Nebbia,* 357 F.2d 303, 304 (2d Cir.1966) ("It 'is not the sum of the bail bond that society asks for, but rather the presence of the defendant....'" (quoting *Concord Casualty & Surety Co. v. United States,* 69 F.2d 78, 81 (2d Cir.1934))). Indeed, the government's first argument is also appealing. My analysis of the recently enacted bankruptcy statutes, however, 28 U.S.C. §§ 151–60 (1984), compels the conclusion that these arguments should be made, not to this court, but to the bankruptcy judge who has jurisdiction over Guillermo Caro's estate.

■ 28 U.S.C. § 1334 (1984) vests original jurisdiction in the district court "of all matters and proceedings in bankruptcy." Each district court, however, may provide that all bankruptcy cases within the district, as well as matters arising in or related to such cases, shall be referred to the bankruptcy judges for that district. 28 U.S.C. § 157(a) (1984). This district has made such a provision. *Emergency Bankruptcy Rule I(c)(1) of the Local Rules for the United States District Court for the Eastern District of New York.* Properly analyzed, therefore, the only question is whether this bail forfeiture proceeding should be referred under § 157(a) and Emergency Rule I(c)(1).

28 U.S.C. § 157(b)(1) (1984) gives bankruptcy judges power to hear and determine all bankruptcy cases and "core proceed-ings" arising. in bankruptcy cases, after referral pursuant to subsection (a).[1] Core proceedings are defined to include, *inter alia,* allowance of exemptions from property of the estate, orders to turn over property of the estate, motions to terminate, annul or modify the automatic stay, and determinations of the validity, extent or priority of liens. 28 U.S.C. § 157(b)(2)(B), (E), (G), (K) (1984).

Whether this action is a core proceeding, which it appears to be, is to be determined by the bankruptcy judge. 28 U.S.C. § 157(b)(3) (1984). Additionally, should the bankruptcy judge determine that the action, though not a core proceeding, is related to a bankruptcy case (which this action definitely is), he may submit proposed findings of fact and conclusions of law to this Court. *Id.* § 157(c)(1).

Accordingly, the following is hereby OR-DERED:

1) defendant's bail bond is declared forfeited;

2) the Clerk shall enter judgment of default in the amount of $100,000 against defendant and the sureties; and

3) to the extent the government seeks to satisfy the above-mentioned judgment out of property of Guillermo Caro, the matter is referred to Bankruptcy Judge Robert Hall of this district.

SO ORDERED.

---

**1.** Orders and judgments of the bankruptcy court are appealable to the district court in accord-ance with 28 U.S.C. § 158 (1984).