**In re Norman SMITH, Debtor.**

**Norman SMITH, Plaintiff,**

**v.**

**COMMONWEALTH OF PENNSYLVA-NIA DEPARTMENT OF TRANSPORTATION, Defendant.**

**Bankruptcy No. 85–02399G.**
**Adv. No. 86–0001G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 20, 1986.

Alan M. White, Community Legal Services, Inc., Philadelphia, Pa., for debtor/plaintiff, Norman Smith.

Martin Burman, Philadelphia, Pa., for defendant, Com. of Pa. Dept. of Transp.

James J. O'Connell, Philadelphia, Pa., Chapter 13 Standing Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter for decision in the case at bench is whether a chapter 13 debtor is entitled to a permanent injunction prohibiting the State Transportation Authority from revoking the debtor's driver's license due to a minor, prepetition traffic infraction. The debtor did not appear in traffic court to dispute his liability, did not pay the fine he was assessed, but listed the amount of the fine in his bankruptcy schedules. On the basis of the reasoning outlined below, we conclude that the debtor is not entitled to a permanent injunction.

The undisputed facts of this proceeding are as follows: [1] The debtor is a Pennsylvania resident who had held a valid Pennsylvania driver's license when, last year, he filed his petition for the repayment of his debts under chapter 13 of the Bankruptcy Code ("the Code"). Prior to the filing of the petition the debtor was traveling by car through Connecticut when he was issued a traffic citation for speeding which, of course, is a minor infraction of Connecticut's motor vehicle code. Under a reciprocal agreement between Pennsylvania and Connecticut, the Pennsylvania Department of Transportation ("PennDOT") notified the debtor after the filing of the petition that his Pennsylvania driver's license would be suspended unless he paid the fine assessed against him or had the citation discharged by the appropriate Connecticut state court.

The debtor informed PennDOT that he had listed the Connecticut fine in the schedules accompanying his chapter 13 petition, notified the Connecticut court of the listing of the debt, stated his intention to plead guilty to the citation and requested the Connecticut traffic authority to "discharge the fine through his chapter 13 bankruptcy." Notwithstanding these revelations and request, PennDOT remained steadfast in its refusal to quash the proceeding. On the basis of another proceeding not otherwise relevant here, the debtor surrendered his license to PennDOT and, although that suspension of his license has been cured, PennDOT has refused to return the license on the basis of the Connecticut citation.

In this court the debtor lodged the instant complaint seeking an order directing PennDOT to return the debtor's driver's license, and moved for a preliminary injunction for the return of the license pending a final resolution of the complaint. We issued the requested preliminary injunction. Since there are no facts in dispute, the debtor moved for summary judgment.

The debtor's argument is that since one who is cited for a minor infration of Connecticut's motor vehicle code typically has the option of resolving the matter by pleading guilty by mail on the submission of the requisite fine, the filing of a chapter 13 petition after the issuance of the citation will, in the ordinary course, ultimately effect a discharge of the possible fine, thus abating proceedings on the traffic citation.

The debtor predicates his request for relief on several bases. First, he contends that postpetition license revocation proceedings by PennDOT on a prepetition citation for a minor infraction of a motor vehicle code violates the automatic stay of 11 U.S.C. § 362(a) of the Code. Second, the debtor asserts that his rights have been abridged under the anti-discrimination provisions of 11 U.S.C. § 525(a) of the Code. Third, the debtor posits that his civil rights have been infringed under 42 U.S.C. § 1983.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

■ Under 11 U.S.C. § 362(a), the debtor's first basis for relief, on the filing of a petition, an automatic stay arises which generally bars all debt collection efforts on prepetition debts against the debtor, the estate or property of the estate. Numerous exceptions to § 362(a) are stated in § 362(b). Of pertinence here is the exception found in § 362(b)(4):

> (b) The filing of a petition under section 301, 302, or 303 of this title, or an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. § 78eee(a)(3)), does not operate as a stay—
>
> *  *  *  *  *  *
>
> (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;
>
> *  *  *  *  *  *

11 U.S.C. § 362(b)(4). Connecticut's action on the traffic citation is a proceeding by a governmental unit to enforce its police or regulatory power. PennDOT's actions are likewise the efforts of a governmental unit to enforce that unit's police or regulatory powers which have been authorized under a reciprocal agreement between sister states for the enforcement of traffic laws. The fact that a fine is the only criminal sanction typically imposed for a minor violation of traffic laws does not transform the criminal action under scrutiny into a civil proceeding beyond the scope of a government's police or regulatory power. Thus, PennDOT has not violated the automatic stay of § 362(a).

Under 11 U.S.C. § 525(a) [2] a governmental unit generally may not, *inter alia,* revoke a license *"solely* because ... [the debtor] has not paid a debt that is dischargeable in the case under [title 11, the Bankruptcy Code]." 11 U.S.C. § 525(a) (emphasis added). The legislative history reveals that this section is a codification of the result in *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), in which the Supreme Court held that a state would frustrate the Congressional policy of a fresh start in bankruptcy if it were permitted to refuse renewal of a driver's license because a tort judgment resulting from an automobile accident had been unpaid as a result of a discharge in bankruptcy. S.Rep. No. 95–989, 95th Cong., 2d Sess. 81 (1978), *reprinted in,* 1978 U.S. Code Cong. & Ad.News 5787, 5867. The United States Court of Appeals for the Third Circuit has held that § 525(a) is not applicable unless the debt in question is dischargeable. *Johnson v. Edinboro State College,* 728 F.2d 163 (3d Cir.1984). Thus, our analysis of § 525(a) must be preceeded by a discussion of the question of the dischargeability of a fine for a minor violation of the motor vehicle code.

The dischargeability in bankruptcy of an individual's debts is determined, in part, by reference to 11 U.S.C. § 523. The discharge of an individual in chapter 7 or 11 is limited by the ten subsections of § 523(a). 11 U.S.C. §§ 727(b) and 1141(d)(2). The

---

2. § 525. Protection against discriminatory treatment.

(a) Except as provided in the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §§ 499a–499s), The Packers and Stockyards Act, 1921 (7 U.S.C. §§ 181–229), and section 1 of the Act entitled "An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes," approved July 12, 1943 (57 Stat. 422; 7 U.S.C. § 204), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act. 11 U.S.C. § 525(a)

discharge in a chapter 13 case discharges a debtor from all debts provided for by the plan or disallowed under 11 U.S.C. § 502 except certain long term debts or debts of the type specified in § 523(a)(5) (alimony, maintenance or child support). 11 U.S.C. § 1328(a). A criminal fine, such as one issued by a traffic court, would be excepted by an individual's chapter 7 or 11 discharge according to 11 U.S.C. § 523(a)(7) while a debtor would be exonerated from paying such a debt under the terms of a chapter 13 discharge.

Since, in a chapter 13 case, a prepetition fine issued by a traffic court would be dischargeable, § 525 would be breached if PennDOT revoked the license *solely* because the debtor had not paid the fine. But such is not the case. PennDOT acted because the debtor failed to comply with either of two options offered by the Connecticut traffic enforcement authority. The debtor could have pleaded guilty and paid the fine by mail *or* the debtor could have appeared before the Connecticut traffic court to contest the citation. The debtor did not comply with *either* option, and thus PennDOT's action was not motivated solely by the debtor's failure to pay a dischargeable debt but *also* by the debtor's failure to appear before the Connecticut traffic court. Thus, PennDOT did not violate the terms of § 525(a).

As stated above, the debtor's third basis for relief is that PennDOT has infringed the debtor's civil rights under 42 U.S.C. § 1983.[3] The debtor has advanced no argument or case law in support of our granting relief under § 1983 and our cursory review of the case law has revealed none. Consequently, relief must be denied under § 1983 as well as under the other bases for relief.

We will accordingly enter an order vacating the preliminary injunction, denying the debtor's motion for summary judgment and denying all other relief on the debtor's complaint.

---

**3.** § 1983. Civil action for deprivation of rights
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
42 U.S.C. § 1983.