In re Wallace Stine BEAN and Mattie Mae Bean, Debtors/Appellants,

v.

PEOPLE OF the STATE OF COLORADO, Appellee.

Civ. A. No. 86–K–2476.
Bankruptcy No. 86 B 06788 J.

United States District Court,
D. Colorado.

April 17, 1987.

John A. Cimino, Cimino, Gonzales & Jirak, Denver, Colo., for debtors/appellants.

Norman Early, Jr., Dist. Atty., Michelle Conklin, Deputy Dist. Atty., Denver, Colo., for appellee.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an appeal from a final order issued by the bankruptcy court on October 16, 1986. *In re Bean*, 66 B.R. 454 (Bankr. D.Colo.1986). Jurisdiction lies under 28 U.S.C. § 158 and Rule 8001(a) of the Rules of Bankruptcy Procedure.

The facts of this controversy are not disputed by the litigants. The Beans' son, Quintin Wortham, was convicted in a Colorado state criminal proceeding of first-degree criminal trespass. Mr. Wortham was released on bond pending an appeal from this conviction. The Beans posted a $10,-000 bond to guarantee his appearance and pledged their Denver home as security. *In re Bean*, at 455.

During the pendency of the appeal, Mr. Wortham became a suspect in a series of rapes which wracked Denver's Capitol Hill neighborhood in 1986. Appellants' Opening Brief, at 2. Subsequently, he failed to appear for his scheduled court date in Denver District Court. By order of that court, the bond was forfeited and an order entered on the forfeiture. Judge Edward E. Carelli stayed execution of the order for two weeks to allow appellants time to produce the criminal defendant. On the day the stay expired, appellants filed their bankruptcy petition.

The sole issue on appeal is whether the stay exception of 11 U.S.C. § 362(b)(4) operates under these facts to prevent the Beans from making use of the automatic stay provided by 11 U.S.C. § 362(a). Ap-

pellants' Brief, at 1. Section 362(b)(4) states:

> (b) The filing of a petition under section 301, 302 or 303 of this title does not operate as a stay—
>
> *   *   *   *   *   *
>
> (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

In deciding this issue, the bankruptcy court concluded:

> Weighing the circumstances in this case, therefore, the Court must conclude that the overriding objective of the State in executing on the judgment is to promote the crucial public welfare goal of preserving the integrity of the State's bail system. That the government must do this in a way which affects property of the debtor does not, without more, remove the action from the scope of the exemption contained in § 362(b)(4), or place it in the restriction against enforcement of money judgments contained in § 362(b)(5). The State's proceeding against the debtors' collateral is an exercise of its legitimate police powers, and the automatic stay does not apply.
>
> 66 B.R. at 457.[1]

For the purposes of this appeal, the dispositive language of § 362(b)(4) is the phrase "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." [2]

The Beans argue § 362(b)(4) has no application here because "allowing relief from stay would only advance the State's pecuniary interest in public safety and welfare. Advancing the pecuniary interest of the State is clearly not the purpose of 11 U.S.C. § 362(b)(4)." Appellants' Brief, at 5. To

---

1. Section 362(b)(5) provides that the automatic stay of § 362(a)(2) does not apply to "the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." Appellants' brief on appeal does not raise § 362(b)(5) as an issue, much less dispute the bankruptcy court's decision under that statute. Nevertheless, that portion of § 362(b)(5) which

is operative on these facts, namely "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," is identical to the key language under § 362(b)(4). Therefore, my analysis of this phrase applies to both subsections.

2. *See* note 1.

the extent this argument espouses a purely abstract legal principle, it is undoubtedly correct. *See United States v. Standard Metals Corporation,* 49 B.R. 623, 624 (D.Colo.1985) ("[i]t has been established that an action by a governmental unit to protect a pecuniary interest is stayed by § 362(a)(1)"); *In re George G. Solar Co., Inc.,* 44 B.R. 828, 830 (Bankr.M.D.Fla.1984) (bankruptcy court will not permit state "to use criminal prosecution for the sole purpose of collecting a debt dischargeable in bankruptcy, or to use law enforcement as a collection agency," quoting from *Johnson v. Lindsey,* 16 B.R. 211, 212 (Bankr.M.D. Fla.1981)). Indeed, the bankruptcy court clearly accepted this position. Recognition of the principle was integral to the bankruptcy court's decision below. 66 B.R. at 456.

This principle, however, has no application to the case at bar. Few proceedings could possibly occupy a more central role in the operation of the state's traditional police power than the enforcement of criminal bail proceedings as part of a criminal prosecution. *See Chicago, B. & Q.R. Co. v. Illinois,* 200 U.S. 561, 592, 26 S.Ct. 341, 349–50, 50 L.Ed. 596 (1906) (broadly defining the police power of a state as embracing "regulations designed to promote the public convenience or the general prosperity, as well as regulations designed to promote the public health, the public morals or the public safety"). Appellants frankly admit the state's goal in pursuing relief from the stay "is to secure the return of Quintin Wortham so that it may serve him with an arrest warrant and prosecute him as the Capitol Hill rapist." Appellants' Brief, at 3. Thus, the state is not pursuing a pecuniary interest in the instant proceeding.

Appellants paradoxically aver "[t]he sole motivation for relief from stay is not the protection of the public health, welfare, morals, or safety but the return of the alleged Capitol Hill rapist Quintin Wortham." *Id.* at 4. I can conceive of no motivation more illustrative of protection of the public health and safety than the return and prosecution of an alleged rapist. The state's motivation falls squarely within the parameters of the police power contemplated by § 362(b)(4).

This conclusion is supported by at least two compelling policy arguments. First, federal courts should generally restrain from interfering with traditional functions of state government. *In re Pellegrino,* 42 B.R. 129, 134 (Bankr.D.Conn.1984), citing *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). "Bankruptcy laws are no exception, particularly where criminal proceedings are involved." *Pellegrino,* at 134.

Secondly, the scheme Congress has carefully crafted in § 362 would be seriously subverted were I to accept the Beans' arguments. "It is the purpose of § 362(b)(4) to prevent endangerment of the public that would result from permitting a bankrupt to avoid statutes and regulations enacted in furtherance of governmental police powers." *Standard Metals,* at 625. If every criminal bond surety were permitted to avoid § 364(b)(4), then the purpose of the bail statute would be seriously undermined. Further, criminal defendants could completely evade the stricture of § 362(b)(1)[3] by having someone other than themselves post bond. The third-party surety could then ameliorate or alleviate the harshness of forfeiture by entering bankruptcy himself. Again, the result would be seriously detrimental to enforcement of the bail laws. Subsection § 362(b)(4) is designed to prevent any such untoward consequences.

The bankruptcy court was sensitive to the "serious and tragic" effect of its holding for the Beans, but concluded "this effect is secondary to the public welfare objectives served by the State's action." 66 Bankr. at 456. I too am acutely aware of this concern. The Beans' remedy, however, does not lie in a misapplication of the

---

**3.** Subsection 362(b)(1) precludes the automatic stay under subsection (a) for "the commencement or continuation of a criminal action or proceeding against the debtor." *See In re Gay,* 3 B.R. 336, 338 (Bankr.D.Colo.1980) ("[t]he automatic stay triggered by the filing of a bankruptcy petition does not restrain the commencement or continuation of any criminal action against the debtors").

bankruptcy laws. Rather, the Colorado bail statutes specifically provide for remission of forfeiture "if it appears that justice so requires." Colo.Rev.Stat. § 16–4–109(3). The instant case appears to qualify for consideration of remission, whether in whole or in part. *See, e.g., People v. Saviano,* 677 P.2d 414, 416 (Colo.App.1983).

Moreover, forfeiture procedures can include provision for monthly payments. *See, e.g., Owens v. People,* 194 Colo. 389, 572 P.2d 837, 838 (1977). In the absence of a remission, such an arrangement presumably would effectuate one of the purposes behind the Beans' bankruptcy petition. Appellee's Brief, at 13. In short, the Beans need not lose their home.

I therefore reject appellants' claim that the state failed to protect its own interest in this action. Appellants' Brief at 4. To the contrary, the state protected its legitimate police power interests by following the procedure of the criminal bail statutes enacted by the legislature. Appellants' course of action properly lies in pursuing those procedures in state court.

To the extent the Beans might not be permitted remission by the state, I do not find enforcement of the bail forfeiture provision to constitute punishment. Appellants' Brief, at 4–5. Rather, the Beans would be compelled to comply with the terms of the contract they executed with the state. This question, in any event, is one for the state court criminal proceeding rather than a federal bankruptcy action.

Accordingly, IT IS ORDERED that the judgment of the bankruptcy court is AFFIRMED. The order of December 11, 1986 staying execution pending appeal is hereby vacated. The clerk is directed to enter judgment in compliance with this order. The parties shall bear their own costs and fees.