In re Gladys SCOTT, Debtor.

Gladys SCOTT, Plaintiff,

v.

STATE OF ALABAMA and Circuit Court Clerk of Monroe County, John M. Sawyer, Defendant.

Bankruptcy No. 89–00419.
Adv. No. 89–0199.

United States Bankruptcy Court, S.D. Alabama.

Oct. 10, 1989.

Daniel Mims, Mobile, Ala., for debtor.

## ORDER

### GORDON B. KAHN, Chief Judge:

This matter having come on for hearing upon the debtor's motion for a temporary restraining order; due notice of said hearing having been given; the debtor having appeared with her attorney Daniel Mims; and testimony having been received and the matter having been taken under submission; now, therefore, the Court finds, concludes and orders as follows:

### FINDINGS OF FACT

1. The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 2, 1989.

2. On June 23, 1986, the debtor signed as surety on a criminal appeal bond in the case of *State of Alabama v. Stevens*, Case No. CC85–117 in the Circuit Court of Monroe County, Alabama.

3. On May 27, 1987, the Defendant in the criminal action (hereinafter referred to as "Stevens") failed to appear. An alias writ was issued for Stevens and a conditional forfeiture was entered on the bond.

4. On July 6, 1987, a final forfeiture on the bond was issued as a result of Stevens' continued failure to appear.

5. Thereafter, the State of Alabama and the Circuit Court Clerk of Monroe County, Alabama, the Defendants in this adversary proceeding, began garnishing the debtor's wages pursuant to the forfeiture.

6. Since the filing of the bankruptcy petition, the garnishee has continued to withhold sums from the debtor's wages pursuant to the garnishment.

### CONCLUSIONS OF LAW

The debtor is asking this Court to issue a temporary restraining order and preliminary and permanent injunctions against the State of Alabama and the Circuit Court Clerk of Monroe County, Alabama (hereinafter referred to as the "Defendants") and to hold the Defendants in contempt of Court for violation of the automatic stay of § 362 of the Bankruptcy Code. While only the issue of the temporary restraining order was noticed for the instant hearing, based upon the evidence submitted and upon the conclusions reached by this Court, a decision on the merits is appropriate.

In reaching its decision, the Court must address two issues. First, the Court must determine if the automatic stay provisions of § 362(a) apply in a case where the state is garnishing wages due to the forfeiture of a personal appearance bond in a criminal proceeding. Second, if the automatic stay does not apply, the Court must determine if, under the facts of the case, it can enjoin the state from garnishing the debtor's wages.

Upon the filing of a petition in bankruptcy, § 362(a) of the Bankruptcy Code operates as a stay of—

(1) the commencement of continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor of against property of the estate, of a judgment obtained before the commencement of the case under this title; ...

Section 362(b) provides that the filing of the petition does not operate as a stay—

... (4) under subsection (a)(1) of this section, of the commencement of continuation of an action or proceeding by a

governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit's police or regulatory power; ...

The question of which of the above provisions applies under the facts of this case was addressed in *In re Bean*, 66 B.R. 454 (Bkrtcy.D.Colo.1986), *aff'd., Bean v. People of the State of Colorado*, 72 B.R. 503 (D.Colo.1987). In a very well reasoned opinion, the Bankruptcy Court held that "the overriding objective of the State in executing on the judgment is to promote the crucial public welfare goal of preserving the integrity of the State's bail system." In that case, the debtors had posted a $10,000.00 appeal bond for their son and had put their house up as collateral. After forfeiture, the state sought to execute on the debtors' house and filed for relief from stay. The Bankruptcy Court held that the state's action fell within the scope of the exemption of § 362(b)(4) and further, that it did not fall within the restriction against enforcement of money judgments contained in § 362(b)(5) and, therefore, the automatic stay did not apply.

In affirming the decision of the Bankruptcy Court, the District Court stated:

"It is the purpose of § 362(b)(4) to prevent endangerment of the public that would result from permitting a bankrupt to avoid statutes and regulations enacted in furtherance of governmental police powers." If every criminal bond surety were permitted to avoid § 364(b)(4) [sic], then the purpose of the bail statute would be seriously undermined. Further, criminal defendants could completely evade the stricture of § 362(b)(1) [1] by having someone other than themselves post bond. The third-party surety could then ameliorate or alleviate the harshness of forfeiture by entering bankrupt-

cy himself. Again, the result would be seriously detrimental to enforcement of the bail laws. Subsection § 362(b)(4) is designed to prevent any such untoward consequences.

*Bean*, 72 B.R. at 505 (citations omitted). This Court agrees with the reasoning of the Bankruptcy and District Courts of Colorado and accordingly, concludes that the automatic stay of § 362(a) does not apply.

This leads us to the question of whether this Court has the power to enjoin the Defendants in this case from proceeding with the garnishment. The debtor argues that this Court has the power to enjoin specific judicial officers from conducting certain activity and that "11 U.S.C. § 105(a) is 'an express authorization' to Bankruptcy Courts to enter such injunctive relief." However, there is a long-standing tradition of restraint by federal courts from interfering with the traditional functions of state government. *Younger v. Harris*, 401 U.S. 37, 43–49, 91 S.Ct. 746, 750–753, 27 L.Ed.2d 669 (1971).

■ Assuming that this Court has jurisdiction [2] to enter such an injunction, we decline to do so. In determining whether to use its injunctive powers to stay the actions of litigants involved in a state criminal proceeding, the bankruptcy court should examine the purpose behind that criminal action. *In re Reid*, 9 B.R. 830, 832 (Bkrtcy.M.D.Ala.1981). Where the actions of the prosecuting creditors are directed toward a pecuniary interest then an injunction may be appropriate. After a review of the facts here, one must conclude that the efforts of the Defendants are not directed at the protection of a pecuniary interest but rather at the exercise of the traditional police power of enforcement of criminal bail proceedings as part of a criminal prosecution. *Bean*, 72 B.R. at 505.

■ Further, the debtor's obligation to the State of Alabama is nondischargeable

---

1. Subsection 362(b)(1) excepts from the automatic stay under subsection (a) "the commencement or continuation of a criminal action or proceeding against the debtor."

2. Because such an injunction as is requested here is not warranted under the facts of this case, it is not necessary to reach the question of this Court's jurisdiction.

pursuant to § 523(a)(7)[3] which excepts from discharge debts for a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." To issue an injunction preventing the State from proceeding with the garnishment during the pendency of the bankruptcy would only delay the inevitable and thwart the public welfare objectives served by the state's action.

There being no violation of the automatic stay, willful or otherwise, by the Defendants, the request of the debtor to hold the Defendants in contempt of court and for damages is due to be denied. Now, therefore, it is

## ORDER

ORDERED, that the debtor's motion for a temporary restraining order against the State of Alabama and the Circuit Court Clerk of Monroe County, Alabama be, and it is hereby, DENIED; and it is further

ORDERED, that the complaint of the debtor of preliminary and permanent injunctions against the State of Alabama and the Circuit Court Clerk of Monroe County, Alabama be, and it is hereby, DENIED; and it is further

ORDERED, that the complaint of the debtor to hold the State of Alabama and the Circuit Court Clerk of Monroe County, Alabama in contempt of court for violation of the automatic stay and the amended complaint of the debtor for damages against the State of Alabama and the Circuit Court Clerk of Monroe County, Alabama for willful violation of the automatic stay be, and it is hereby, DENIED.

---

**3.** Debtor argues that the debt has been discharged based upon the failure of the State to file a complaint to determine dischargeability pursuant to § 523(c). However, "§ 523(a)(7) does not fall within the terms of § 523(c) which discharges debts of a kind specified in subdivision (a)(2), (4), or (6) unless the creditor requests the court for a hearing." 3 Collier on Bankruptcy, para. 523.17[1]. Debts arising under the remaining subsections of § 523(a) are automatically excepted from discharge unless otherwise determined to be dischargeable by the Court. 11 U.S.C. § 523(a).